COASTAL PETROLEUM COMPANY, a
Florida Corporation, Petitioner-Appellee,

v.

SECRETARY OF the ARMY of the
United States of America et al.,
Respondents,

Trustees of the Internal Improvement
Trust Fund of the State of Florida,
Respondent-Appellant.

No. 71–2589.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1977.

Robert J. Beckham, Carole A. Gardiner, Jacksonville, Fla., for respondent-appellant.

Charlie Luckie, Jr., Tampa, Fla., C. Dean Reasoner, Irving R. M. Panzer, Washington, D. C., for Coastal.

Robert W. Rust, U. S. Atty., Miami, Fla., Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., for other interested parties.

Before BROWN, Chief Judge, and BELL * and MORGAN, Circuit Judges.

PER CURIAM:

This action was commenced on August 12, 1968, when Coastal Petroleum Company filed in the District Court for the Southern District of Florida a complaint for declaratory judgment and for an injunction, Civil Action No. 68–951, seeking relief against certain federal defendants and also against the Trustees of the Internal Improvement Fund of the State of Florida. The relief that was sought involved Coastal's right to mine limestone in Lake Okeechobee under its Lease No. 248, a lease covering oil, gas and minerals, that had been granted by the Trustees to Coastal's predecessor in the 1940's. The federal defendants had refused to issue a permit, required under 33 U.S.C § 403 for such mining in navigable waters of the United States.

By counterclaim, the Trustees urged that Coastal had failed to carry out its obligations under Lease No. 248, and that the lease should be declared null and void. In its reply containing a counterclaim, Coastal

* Judge Bell was a member of the panel that heard oral arguments in this case but resigned on March 1, 1976 and did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

Petroleum Company raised the issue that Lease No. 248 was one of three integrated leases, the others being Lease No. 224–A and Lease No. 224–B, and that the three leases should be treated together, since all three derived from a single document as construed by a single judicial decision. Coastal urged that the validity of all three leases was necessarily before the Court, and Coastal asked that all three leases should be held to be "valid and binding agreements between the defendant Trustees and Petitioner."

On May 26, 1969, the Trustees filed in a state court (the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida) a suit for declaratory judgment asking that all three leases be declared to be void and of no further force and effect. That suit was removed pursuant to motion by Coastal to the same federal court in which Coastal's prior suit was pending, the District Court for the Southern District of Florida, as Civil Action No. 69–699 in that court, and it was there consolidated with Coastal's prior suit (No. 68–951); the two actions thereafter proceeded together, with all orders and judgments in the matter being applicable to both actions as if they were one.

After a trial on the merits lasting one week, the District Court issued a Memorandum Opinion on July 1, 1970, reported as *Coastal Petroleum Company v. Secretary of the Army of the United States of America, et al.*, D.C.Fla., 315 F.Supp. 845. That Opinion, in addition to ruling on federal issues, also adjudicated the issue of the validity of the three leases, holding all three to be valid. After certain supplementary proceedings, not relevant here, the District Court issued on April 23, 1971, its Judgment in the case. That judgment reads, in paragraph 1 thereof, in pertinent part as follows:

"Leases Nos. 224–A, 224–B, and 248 are, and are hereby declared to be, valid and existing leases."

The Trustees appealed the District Court judgment to this Court on May 25, 1971, and no cross-appeal was filed. The only issue on appeal was that portion of the District Court judgment sustaining the validity of the three leases. After briefs and oral argument, we certified certain questions of Florida law in the case to the Supreme Court of Florida in our opinion printed at 489 F.2d 777 (1973), rehearing denied, 491 F.2d 973 (1974), cert. den., 419 U.S. 842, 95 S.Ct. 73, 42 L.Ed.2d 70 (1974). The case involved unsettled issues of the law of the State of Florida, and—as we have often done—we desired to utilize the pioneering Florida certification statute, Florida Statutes 25.031, authorizing a federal appellate court to obtain, from the Supreme Court of Florida, authoritative answers as to state law questions on which there are no clear controlling precedents.

The case was briefed to the Supreme Court of Florida and was argued orally to that court. While the case was pending decision by that court, the parties arrived at a settlement, incorporated in a Memorandum of Settlement dated January 6, 1976. This Court then, by order of August 9, 1976, withdrew the certification to the Supreme Court of Florida and remanded the cause to the United States District Court for the Southern District of Florida for the entry of a Consent Decree, the text of which was attached as Appendix I to our Order of August 9.

The District Court on August 24, 1976, entered the Consent Decree, which was filed on August 25. Accordingly, this matter is terminated and the appeal herein is dismissed.